IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRUCE STUART BOONE, SR | ) | CASE # 24-60405-RBC |
| MEREDITH BOONE, | ) | |
| | ) | (Chapter 11) |
| Debtors | ) | |
| ———————————————————— | ) | |
| | ) | |
| WHITE OAK COMMERCIAL FINANCING, LLC | ) | |
| | ) | |
| Movant | ) | Motion No. |
| v. | ) | _____ |
| | ) | |
| BRUCE STUART BOONE, SR. | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MEREDITH BOONE | ) | |
| | ) | |
| Respondents. | ) | |
| ———————————————————— | ) | |

### DEBTORS' MOTION IN LIMINE

COME NOW Debtors, through their undersigned counsel ("Debtor's Counsel"), and respectfully move this Honorable Court for an order limiting the matters brought before the Court and the length of its April 26, 2024 expedited hearing. Specifically, Debtor's Counsel requests that the Court limit its consideration to the closely related issues of whether or not Debtors' actions or failure to take certain actions in their previously filed Chapter 11 case (the "Prior Case") (i) were "willful" under Section 109(g), thus rendering Debtors ineligible to file this case and (ii) "without substantial excuse" so as to disqualify Debtors from receiving their requested extension of the automatic stay under 11 U.S.C. § 362(c)(3).

Counsel also requests that the Court hold the length of the pending hearing to the one-

half day Movant requested from the Court on April 16, 2024.

On that date, when Debtor's Counsel agreed to the April 26, 2024 hearing date, he reasonably believed both of those conditions to be part of the scheduling bargain. Unfortunately, subsequent to Debtor's Counsel's approval of the hearing date, Movant has transmogrified a half-day eligibility dispute hearing based on the facts of Debtors' previous bankruptcy filing into a one day fraud and embezzlement trial involving Debtors' alleged business practices over more than a year's time respecting a complex factoring arrangement involving millions of dollars.

Counsel's specific allegations are as follows:

1.     On Wednesday April 10, 2024, at Debtors' request, Debtors and Debtor's Counsel met via Zoom with Movant's New Jersey counsel (" Movant's Lead Counsel") and a number of Movants' executives to explore the possibility of reaching some form of agreement under which Debtors would avoid refiling their Chapter 11 case. The meeting was fruitful only in that Debtors' Counsel and Movant's Lead Counsel established communications channels.

2.     Between the late afternoon of April 10 through the afternoon of Saturday April 13, 2024, Movant's Lead Counsel and Debtors' Counsel had a number of telephone conversations in a good faith attempt to keep the Debtors out of bankruptcy. During those conversations the primary emphasis was on whether or not the Debtors met the eligibility requirements under Section 109 and whether or not the Debtors would be subject to sanctions were they to file for relief. Negotiations terminated without results.

3.     Debtors filed the instant case on April 15, 2024.

4.     On April 16, at 10:04 am, Counsel returned Movant's Local counsel's 9:41 call. Movant's Local counsel related that Movant's Lead Counsel wished to bring his motion to dismiss the bankruptcy before the Court the very next day on the Court's April 17, 2024 motions day docket. Debtor's Counsel refused that date but

agreed to have the hearing at the end of the next week (i.e. this week).

5.  At 11:38 a.m., after additional communications between Movant's Local Counsel and Debtor's Counsel, Movant's Local counsel emailed a hearing request to this Court, with Counsel's prior approval, for an expedited hearing on Movant's yet to be filed motion to dismiss and Debtors' motion to extend the automatic stay. The request stated in relevant part that

> [t]he parties anticipate that the hearing will take a half-day, and the only witnesses we are currently anticipating are the Debtors. The parties are available next Wednesday, April 24, at 10 a.m., with a cutoff time of 2:00 p.m., or at any time on Friday, April 26, with a preference for starting in the morning. [Emphasis added.] [Copy of complete message attached to this motion.]

6.  Thus, as of that time, some three hours before the filing of Movant's motion, there was an agreement among the various counsel that the hearing would last only a half day. Furthermore, Debtor's Counsel also inferred from Movant's Lead Counsel's initial rush to have heard the two motions on the very next day, that the Court could deal with the two motions on its regular motions docket with only one day's notice. That is why Counsel believed that perhaps only Debtors need testify.

7.  In short, until the afternoon of April 17, 2024, all indications were that Movant only sought a half day hearing to bring its arguments concerning Debtor's eligibility to file this case under Section 109 and to obtain a stay extension under Section 362(c)(3).

8.  Allowing the pending hearing to proceed in its current posture would be unfair to Debtor's Counsel and an imposition on the Court; it would also deprive Debtors of a fair hearing on issues whose determination could affect them for the rest of their lives. On the other hand, granting Respondents' requested relief would provide Movants the opportunity to attempt termination of this case based upon

the fundamental eligibility and stay extension issues involving Debtors' conduct in the Prior Case as well as preserving the fraud-embezzlement issues for resolution under the proper procedure.  All that Debtors are requesting is due process and an opportunity to Defend themselves under the regular order.

9.    The fraud-embezzlement issues are not ripe for adjudication. There have been no announced deadlines for the filing of exhibits or witness lists.  Of even more importance, Debtors have yet to have the opportunity to take discovery.

10.    Movants apparently are seeking what is the equivalent of a summary judgment without the Federal Rules' guardrails. There are innumerable facts in dispute

11.    (Rule 56 Fed R Civ P.); Debtors have not had the opportunity to take discovery (*Id*.); and Movant has not plead its case with the requisite particularity (Rule 9 Fed R. Civ. P).

WHEREFORE, for the reasons set forth above, Debtor respectfully requests that the Court enter an order limiting the issues to the closely related questions of  whether or not Debtors' actions or failure to take certain actions in their previously filed Chapter 11 case (the "Prior Case") (i) were "willful" under Section 109(g), thus rendering Debtors ineligible to file this case and (ii) "without substantial excuse" so as to disqualify Debtors from receiving their requested extension of the automatic stay under 11 U.S.C. § 362(c)(3) and providing such other and additional relief as the Court deems appropriate.

/s/ Christopher S. Moffitt
Christopher S. Moffitt #18195
218 North Lee Street
Alexandria, Virginia  22314
703/ 683-0075


Counsel for Debtors

4/22/24, 11:19 AM
Gmail - In re: Meredith and Bruce Boone / WDVA Bankr. Case No. 24-60405 / Request for Hearing Date

Case 24-60405   Doc 36   Filed 04/22/24   Entered 04/22/24 11:34:23   Desc Main
Document      Page 5 of 5

 Gmail

Christopher S. Moffitt <moffittlawoffices@gmail.com>

## In re: Meredith and Bruce Boone / WDVA Bankr. Case No. 24-60405 / Request for Hearing Date

1 message

**William Moss** <william.moss@friedberg.legal>                     Tue, Apr 16, 2024 at 11:38 AM
To: VAWBml_Connelly_Scheduling <VAWBml_Connelly_Scheduling@vawb.uscourts.gov>
Cc: "moffittlawoffices@gmail.com" <moffittlawoffices@gmail.com>, Jeremy Friedberg <jeremy@friedberg.legal>

Good morning:

This firm represents creditor White Oak Commercial Finance LLC ("White Oak") in regard to the bankruptcy action referenced in the subject line of this email.  The case was filed yesterday evening and is currently pending before Judge Connolley.  I have conferred with counsel for the Debtors, who is copied on this email, regarding a contemplated video hearing, which the parties are jointly requesting to occur next week.  The hearing will be on the following motions, to be filed by the parties:

1.      A motion to dismiss the case by White Oak

2.      A motion to extend the automatic stay by Debtors

The parties anticipate that the hearing will take a half-day, and the only witnesses we are currently anticipating are the Debtors.  The parties are available next Wednesday, April 24, at 10 a.m., with a cutoff time of 2:00 p.m., or at any time on Friday, April 26, with a preference for starting in the morning.  The parties have also agreed to a response deadline of one day prior to the scheduled hearing, if that is acceptable to Judge Connolley.  Please advise, and the parties will file their motions and notices as soon as possible.  Thank you.

Sincerely,

William Moss


William F. Moss, Esq.

Friedberg PC

10045 Red Run Blvd., Suite 160

Baltimore, MD 21117


Phone:  410.581.7408

www.friedberg.legal


Admitted in Maryland, Virginia, and North Carolina